IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-01339-RBJ

ALVAREZ LLC,

    Plaintiff,
v.

BLAZAR TECHNOLOGY SOLUTIONS, LLC,
JOHN WRIGHT,
MICHAEL WEILAND,
JOHN WEEBER,
THOMAS TURSE, and
JENNIFER GALLAGHER,

    Defendants.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Three motions for summary judgment are before the Court. ECF Nos. 111–113. The motions became ripe for review upon the filing of five reply briefs. The first two motions were submitted by defendants Epoch Concepts, LLC ("Epoch") and Anacapa Micro Products, Inc. ("Anacapa"). ECF Nos. 111 and 112. Epoch and Anacapa seek summary judgment on the two claims asserted against them: aiding and abetting a breach of fiduciary duty and joint venture liability. Both motions are substantively similar and thus are treated the same for the purposes of this order. In the final motion, ECF No. 113, plaintiff Alvarez LLC moves for partial summary judgment against defendants Jon Wright and Michael Weiland. Specifically, plaintiff requests that the Court, as a matter of law, first determine that Messrs. Wright and Weiland owed fiduciary duties to plaintiff, and then determine that they breached those duties. ECF No. 113 at 16–19.

1

Having reviewed the motions, responses, and reply briefs, it is evident to me that genuine fact disputes surrounding the claims at issue mandate that I deny all three motions.[1] Nevertheless, there are certain questions of law that the parties raise in their respective motions, and I will address those issues in turn to assist the parties with their trial preparation.

A. **Epoch's and Anacapa's Motions for Summary Judgment, ECF Nos. 111 and 112.**

1. The Knowledge Standard Governing Plaintiff's Aiding and Abetting Claims.

In their motions, Epoch and Anacapa argue that plaintiff's aiding and abetting claims fail as a matter of law because plaintiff cannot meet the heavy burden of showing that Epoch or Anacapa had "actual knowledge" of the predicate breach of fiduciary duty. ECF No. 111 at 10; ECF No. 112 at 8. In response, plaintiff argues that summary judgment on this issue is improper because the standard for proving knowledge is not established in Colorado. ECF No. 122 at 12; ECF No. 123 at 13. As such, plaintiff argues that "constructive knowledge" of the underlying breach should suffice, but nonetheless, suggests that factual disputes concerning Epoch's and Anacapa's knowledge of the breach under either standard prevents summary judgment. As I stated above, I agree with plaintiff that issues of material fact exist as to whether Epoch and Anacapa had knowledge of the underlying breach. However, I will address the legal standard governing the knowledge requirement.

Colorado courts first recognized the tort of aiding and abetting a breach of fiduciary duty in *Holmes v. Young*, 885 P.2d 305, 309 (Colo. App. 1994). This tort requires a plaintiff to satisfy

---

[1] On March 29, 2019 the parties moved to amend the scheduling order whereby they proposed a dispositive motion deadline of May 29, 2019. ECF No. 97 at 3. I granted the stipulated motion, but I notified the parties that, based on their proposed schedule, it is unlikely that the Court would be able to review and resolve any motions prior to trial. *See* Minute Order, ECF No. 98. Thus, while the Court was able to review the motions prior to the July 19, 2019 trial preparation conference, this order addresses only three key legal issues that will allow the parties to prepare for trial.

the following elements: "(1) breach by a fiduciary of a duty owed to a plaintiff, (2) a defendant's *knowing participation in the breach*, and (3) damages." *Nelson v. Elway*, 971 P.2d 245, 249 (Colo. App. 1998) (emphasis added) (citing *Holmes*, 885 P.2d at 309). Moreover, the Colorado Court of Appeals has added an "additional" element to compliment the second element above— defendant "must give substantial assistance to the other's breach." *Id.* at 249–50 (citing Restatement (Second) of Torts § 876(b)).

The parties dispute the meaning of knowing participation in the second element, which was an issue that the *Holmes* court recognized but did not decide. In *Holmes*, the court relied on two cases as a guide to developing the requisite elements for the tort of aiding and abetting a breach of fiduciary duty. 885 P.2d at 308–09. In the first case, *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir. 1992), the court noted that *Diduck* required the plaintiff to show actual knowledge. *Id.* at 310. In contrast, the second case, *Terrydale Liquidating Trust v. Barness*, 611 F. Supp. 1006 (S.D.N.Y. 1984), simply required a showing of constructive knowledge. *Id.* (noting that the *Terrydale* court found that the defendant was "on notice" that the breach may have been occurring and therefore triggering a duty to investigate). The *Holmes* decision determined that the plaintiff failed to show knowledge under either standard. *Id.*

Plaintiff's counsel has represented to the Court that it has not found any reported Colorado appellate decisions resolving the issue. ECF No. 122 at 12. The Court hasn't located any either. And, Epoch and Anacapa fail to cite any Colorado case to support their position. *See* ECF No. 111 at 10–11; ECF No. 112 at 10. But they do cite a District of Colorado case. In *Sender v. Mann*, the court noted that "aiding and abetting requires actual knowledge and is not satisfied by reckless or negligent conduct." 423 F. Supp. 2d 1155, 1176 (D. Colo. 2006) (citing

3

*Stat–Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1339–40 (D. Colo. 1997)).[2] In *Stat-Tech*, however, the court did not address the knowledge standard. Rather, in deciding the standard for aiding and abetting common law fraud, the court ruled that

> [u]nder *Holmes*, liability for aiding and abetting a common law tort may only be imposed on those who knew that the tort was being committed and who understood in a general sense what their role was in conjunction with the tortious activity. In short, the defendant must be aware that his conduct is assisting another in the commission of a tortious act.

*Stat–Tech*, 981 F. Supp. at 1339.

Even though I find that the issue is unsettled under Colorado law, I nevertheless must determine which standard governs for trial. While I don't necessarily agree with the *Sender* court's reading of *Stat-Tech*, I agree that actual knowledge is required for plaintiff to meet its burden, and I predict that the Colorado Supreme Court would take this same approach. For one thing, it would be difficult for a defendant to "knowingly and substantially assist[] the principal violation" without having actual knowledge of the wrongdoing. *Holmes*, 885 P.2d at 308. Plus, the jury can infer actual knowledge from circumstantial evidence. *Cf. Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1196 (D. Kan. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)) (noting that in an Eighth Amendment deliberate indifference claim, "a factfinder may infer actual knowledge [of a substantial risk to inmate safety] through circumstantial evidence"). This allows plaintiff to present its circumstantial evidence to the jury to help prove that Epoch and Anacapa had actual knowledge that Messrs. Wright and Weiland were violating fiduciary duties allegedly owed to plaintiff.

    2. <u>The Validity of Epoch's and Anacapa's Joint Venture Disclaimer</u>.

---

[2] At least one other U.S. district court has taken this same position when interpreting *Stat-Tech*. In *Lawyers Title Ins. Corp. v. United Am. Bank of Memphis*, the court found that *Stat-Tech* "required [a plaintiff to show] that the aider and abettor had actual knowledge of the primary tortfeasor's wrongdoing." 21 F. Supp. 2d 785, 796–97 (W.D. Tenn. 1998).

Plaintiff's fifth and sixth claims for relief are titled "Joint Venture–Defendants Blazar and Epoch" and "Joint Venture–Defendants Blazar and Anacapa." The purpose of these two claims, according to the third amended complaint, is to hold Epoch and Anacapa vicariously liable for the alleged tortious conduct of Blazar and Blazar's two principals, Messrs. Wright and Weiland. In Colorado, a joint venture relationship exists when there is (1) joint interest in the property by the parties sought to be held as partners; (2) an agreement, express or implied, to share in the profits and losses of the joint venture; and (3) conduct showing cooperation in the project. *Sleeping Indian Ranch, Inc. v. W. Ridge Grp., LLC*, 119 P.3d 1062, 1069 (Colo. 2005).

Epoch and Anacapa argue that plaintiff's joint venture claim fails as a matter of law because their respective agreements with Blazar unambiguously disclaim the existence of a joint venture. ECF No. 111 at 6–10; ECF No. 112 at 18–20. For support, they cite *Rocky Mountain Expl., Inc. v. Davis Graham & Stubbs LLP*, 420 P.3d 223 (Colo. 2018).[3] Here, resolution of this issue largely turns on the answer to a legal question: Can Epoch and Anacapa eliminate joint venture liability as to third parties by way of their own agreements with Blazar? In response, plaintiff rightfully points out that *Rocky Mountain Expl.* is silent on this issue, and that the weight of authority suggests that such disclaimers are not dispositive.

In *Rocky Mountain Expl.*, the Colorado Supreme Court reviewed the sale of oil and gas leaseholds between two companies. The details of the business relationships involved and the sale are extensive, *see* 420 P.3d at 225–29, but for the present purpose, the relevant issue that the Supreme Court analyzed is whether a joint venture existed between the plaintiff, Rocky Mountain Exploration, Inc. and RMEI Bakken Joint Venture Group (collectively, "RMEI"), and

---

[3] Epoch cites a second case, but like *Rocky Mountain Expl.*, that case involved one contracting party alleging that it entered into a joint venture with the other party despite an express disclaimer. *Gentile v. Orthodontic Centers of N. Dakota*, No. CIV. 05-CV-02062-EW, 2007 WL 2890199, at *8 (D. Colo. Sept. 27, 2007). The court rejected that argument as "absurd." *Id.*

5

Tracker Resource Exploration ND, LLC and its affiliated entities (collectively, "Tracker"). 420 P.3d at 234–35. The existence of a joint venture was the linchpin to RMEI's claim that the defendant, Denver law firm Davis, Graham & Stubbs ("DG&S"), aided and abetted Tracker's breach of fiduciary duty owed to RMEI. This is so because the alleged creation of the joint venture is the only reason that Tracker owed a fiduciary duty to RMEI. Stated another way, in the absence of a joint venture, Tracker was not a fiduciary to RMEI, and thus Tracker could not have breached a duty. It would then follow that DG&S could not have aided and abetted a breach of a nonexistent obligation. The Supreme Court held that the operating agreement controlling the parties' relationship "expressly disclaimed both the creation of a joint venture and any fiduciary relationship," and therefore, the claim of aiding and abetting failed. *Id.* at 235.

I find that *Rocky Mountain Expl.* is distinguishable to the facts of this case and thus agree that Epoch and Anacapa have not eliminated their potential joint venture liability against plaintiff. Here, it is likely that Messrs. Wright and Weiland were fiduciaries to plaintiff, an issue that isn't really disputed, at least not in the present motions.[4] Such a finding alone distinguishes this case from *Rocky Mountain Expl.* because the Supreme Court determined that Tracker did not act as a fiduciary of RMEI.

Moreover, a joint adventure is "derived from voluntary agreement of the parties either express or implied." *Sleeping Indian Ranch, Inc.*, 119 P.3d at 1069 (quoting *Realty Dev. Co. v. Feit*, 387 P.2d 898, 899 (Colo. 1963)). Here, because of the *Rocky Mountain Expl.* holding, the express disclaimer would invariably prevent Blazar from asserting that it entered into a joint venture with either Epoch or Anacapa, but neither Epoch nor Anacapa has cited any authority that the disclaimers would prevent plaintiff from making such an assertion. In fact, Epoch and

---

[4] I address this issue directly in section B of this order in response to plaintiff's motion for summary judgment.

Anacapa basically ignore plaintiff's argument that *Rocky Mountain Expl.* is silent on the issue of whether parties can eliminate joint venture liability as to third parties. As such, plaintiff will have the opportunity at trial to demonstrate the existence of a joint venture.

### B. Alvarez LLC's Partial Motion for Summary Judgment, ECF No. 113.

In its motion, plaintiff seeks partial summary judgment only on its breach of fiduciary duty and duty of loyalty claim against Messrs. Wright and Weiland, and only as to "the issue of liability" regarding that claim. *Id.* at 16. Specifically, plaintiff requests that the Court establish as a matter of law that Messrs. Wright and Weiland owed fiduciary duties to Alvarez, and that they breached those duties. *Id.* at 16–20. At this stage, I decline plaintiff's invitation to make that determination as a matter of law.

Under Colorado law, "[w]hether one party owes fiduciary duties to another is a mixed question of law and fact."[5] *Accident & Injury Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 662 (Colo. 2012). "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* at 663 (quoting *Moses v. Diocese of Colorado*, 863 P.2d 310, 321 (Colo. 1993)). The Colorado Supreme Court has recognized some fiduciary relationships as a matter of law, such as attorney-client and trustee-trust beneficiary. *Id.* (collecting caselaw).

I find that there are fact disputes concerning the exact roles that Messrs. Wright and Weiland fulfilled at Alvarez LLC. However, based on the evidence before me, it is my impression that both defendants probably were fiduciaries, and at the very least, owed a duty of

---

[5] Colorado courts have wrestled with this very issue for decades. *Compare Moses v. Diocese of Colorado*, 863 P.2d 310, 322 (Colo. 1993) ("The existence of the fiduciary relationship is a question of fact for the jury.") *with Command Commc'ns, Inc. v. Fritz Cos.*, 36 P.3d 182, 186 (Colo. App. 2001) ("The court determines as a matter of law the nature and scope of the duty owed by a fiduciary.") *and Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) ("At common law the existence of a duty was a question of law to be determined by the court.").

7

loyalty to plaintiff. *See Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 492 n.10 (Colo. 1989) (recognizing a claim for breach of duty of loyalty arising out of an employer-employee relationship under an agency relationship theory, and noting that other jurisdictions "characterize the duty of loyalty an employee owes to his or her employer as a 'fiduciary' duty"). If, after the close of evidence, it is undisputed that Messrs. Wright and Weiland were acting as fiduciaries for plaintiff, I will instruct the jury as to that determination. *See* Colo. Jury Instr., Civil 26:2 (June 2019).

## ORDER

The pending motions for summary judgment, ECF Nos. 111, 112, and 113, are DENIED.

DATED this 16th day of July, 2019.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge